[Cite as *Amlin v. Dept. of Transp.*, 2010-Ohio-4028.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENT AMLIN

Plaintiff

v.

DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-08527-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1}  Plaintiff, Kent Amlin, filed this action contending that his 2008 GMC Acadia SLE truck was damaged on October 23, 2009, as a proximate cause of negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a roadway construction area on Harrisburg Pike (US Route 62) in Franklin County.  Specifically, plaintiff related that the front bumper of his vehicle was scraped as he attempted to enter his parking lot at 1131 Harrisburg Pike from an area where the roadway pavement had been excavated and removed in preparation for repaving.  Plaintiff provided a photograph depicting his parking lot entrance at 1131 Harrisburg Pike which abuts the section of roadway where the pavement had been removed.  The submitted photograph shows a gravel ramp transition area from the excavated roadway surface to the paved parking lot entrance.  Orange traffic control barrels are shown positioned on each side of the parking lot entrance marking the edges where ramping was maintained.  Plaintiff claimed that excavation of the roadway pavement had been done prior to October 23, 2009 and this pavement excavation resulted in "reducing the width of (access)" to the parking lot entrance causing the front bumper of his vehicle to "hit the edge of the pavement" as he tried to drive into the parking lot.  Plaintiff recalled that he telephoned

to complaint about the restricted access to the parking lot and defendant's contractor "added more gravel to the (access)." Plaintiff also recalled that he repositioned the orange traffic control barrels at the parking lot entrance. Plaintiff seeks recovery of damages in the amount of $225.79, the cost of vehicle repair resulting from the described incident. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's damage event occurred was located within the limits of a construction project under the control of ODOT contractor, Shelly & Sands, Inc. (Shelly). Defendant explained that the particular project "dealt with replacing pavement and adding turn lanes on US 62 in Franklin County." Defendant asserted that Shelly, by contractual agreement, was responsible for any roadway damage, occurrences, or mishaps within the construction zone. Therefore, ODOT argued that Shelly is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications, requirements, and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Shelly had any knowledge of "the driveway on US 62 prior to plaintiff's incident." Defendant pointed out that the address plaintiff provided of the location of the damage incident is near milepost 10.67 on US Route 62, which is within the construction project limits. Defendant related that ODOT "records (copies submitted) indicate that no calls or complaints were received at the Franklin County Garage regarding the driveway in question prior to his (plaintiff's) incident." Defendant contended that plaintiff failed to produce evidence establishing his property damage was attributable to conduct on either the part of ODOT or Shelly. Defendant asserted that proper traffic control was in place at the driveway site "to keep traffic within the limits of the drive until it could be re-paved."

{¶ 6} Defendant advised that Shelly provided photographs (copies submitted) depicting the driveway site and US Route 62. These photographs show an area where existing pavement on US Route 62 has been totally removed creating an extremely high curb at the driveway entrance where plaintiff's property damage occurred. The actual driveway entrance has been ramped with gravel filler to permit access and traffic control in the form of orange construction barrels have been positioned to mark the driveway access. The ramped transition shown along with the placement of the barrels marking the driveway access appear to the trier of fact to provide reasonably safe access to the driveway for motorists.

{¶ 7} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to his vehicle was directly caused by construction activity of ODOT's contractor prior to October 23, 2009. The trier of fact finds that the driveway access created by Shelly that is depicted in the submitted photographs, while not ideal, does not appear to be particularly hazardous or unsafe.

{¶ 8} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 9} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 10} Evidence available tends to point out that the roadway was maintained

properly under ODOT specifications. Plaintiff failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600. In fact, the sole cause of plaintiff's damage was his own negligent driving. See *Wieleba-Lehotzky v. Ohio Dept. of Transp., Dist. 7*, Ct. of Cl. No. 2004-03918-AD, 2004-Ohio-4129. Plaintiff has not proven that defendant maintained a hidden roadway defect. See *Sweney v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2009-03649-AD, 2009-Ohio-6294. The photographic evidence submitted establishes that the driveway transition was ramped properly, highway visible and well marked by barrels. Consequently, plaintiff claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENT AMLIN

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-08527-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Kent Amlin
3622 Zuber Road
Orient, Ohio  43146

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
3/11
Filed 4/28/10
Sent to S.C. reporter 8/26/10